FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ SEP 19 2018 ★
LONG ISLAND OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
TEMMI KRAMER, ET AL.,

                Plaintiffs,

  -against-

EDMUND DANE, ET AL.,

                Defendants.
----------------------------------------------------------X

ORDER
17-CV-5253 (JFB) (SIL)

JOSEPH F. BIANCO, District Judge:

*Pro se* plaintiffs Temmi Kramer and her son Zachary Kramer[1] bring this action for violations of (1) the First, Fourth, Fifth, and Fourteenth Amendments to the United States Constitution under 42 U.S.C. § 1983; (2) 42 U.S.C. § 1985; (3) 42 U.S.C. § 1986; (4) the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1961 *et seq.*; and (5) various New York state laws. Plaintiffs' claims arise from a state court divorce proceeding between plaintiff Temmi Kramer and her now ex-husband, David Kramer. In particular, the claims involve a July 2015 Order that awarded custody of Temmi and David Kramer's daughter, R.K., to David Kramer; an October 2015 Order that appointed a receiver to sell marital property; and a June 2017 Order that enjoined Temmi Kramer from interacting with R.K. and suspended child support payments for one of Temmi and David Kramer's sons, J.K.

Most defendants are individuals who were involved in the divorce proceeding, including David Kramer's divorce counsel, the court-appointed receiver, state court justices, a state court law clerk, and a court-appointed guardian. Plaintiffs also name Governor Andrew Cuomo and the State of New York as defendants. In sum and substance, plaintiffs allege that these individuals

---

[1] The Amended Complaint is verified by both Temmi Kramer and Zachary Kramer, who is over eighteen. Temmi Kramer also purports to assert the claims on behalf of her other children, Kevin Kramer, J.K., and R.K.

participated in a conspiracy to unconstitutionally "strip[] Plaintiffs of their property and Child support" and to "illegally restrain . . . Temmi Kramer from her daughter." (Am. Compl. ¶ 3; *see also, e.g., id.* ¶¶ 4, 6, 24, 53.)

Several defendants have moved to dismiss the Amended Complaint.[2] (ECF Nos. 39, 49-51.) On April 25, 2018, the Court referred the motions to dismiss to Magistrate Judge Locke for a report and recommendation. (ECF No. 65.)

Presently before the Court is a Report and Recommendation ("R&R") from Magistrate Judge Locke advising the Court to dismiss the complaint in its entirety without leave to amend. (ECF No. 91.) More specifically, the R&R recommends that the Amended Complaint should be dismissed for lack of subject matter jurisdiction. The R&R alternatively recommends that the federal claims should be dismissed for failure to state a claim and that the Court should decline to exercise supplemental jurisdiction over the state law claims. For the reasons explained below, after a *de novo* review, the Court adopts the thorough and well-reasoned R&R in its entirety.

## I. Standard of Review

A district judge may accept, reject, or modify, in whole or in part, the findings and recommendations of the Magistrate Judge. *E.g., Kleinberg v. Radian Grp., Inc.*, 240 F. Supp. 2d 260, 262 (S.D.N.Y. 2002); *DeLuca v. Lord*, 858 F. Supp. 1330, 1345 (S.D.N.Y. 1994). As to those portions of a report to which no "specific written objections" are made, the Court may accept the findings contained therein, as long as the factual and legal bases supporting the findings are not

---

[2] Plaintiffs also name Leagle, Inc., which owns Leagle.com, a website that publishes judicial opinions. Plaintiff asserts state law claims against Leagle, Inc. for publishing the state court's July 2015 custody decision. On May 17, 2018, the Clerk of the Court entered a certificate of default against Leagle, Inc., finding that it had failed to appear or otherwise defend this action. (ECF No. 81.) On June 1, 2018, plaintiffs moved for default judgment against Leagle, Inc. (ECF No. 88.) On July 13, 2018, the Chief Operating Officer of Leagle, Inc. submitted a letter to the Court stating that the Court lacked personal jurisdiction over Leagle, Inc. it had not been properly served. (ECF No. 89.) In light of the Court's adoption of the R&R, and dismissal of the Amended Complaint for lack of subject matter jurisdiction, the motion for default judgment against Leagle, Inc. is denied as moot.

2

clearly erroneous. *See* Fed. R. Civ. P. 72(b); *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *Greene v. WCI Holdings Corp.*, 956 F. Supp. 509, 513 (S.D.N.Y. 1997). When "a party submits a timely objection to a report and recommendation, the district judge will review the parts of the report and recommendation to which the party objected under a *de novo* standard of review." *Dafeng Hengwei Textile Co. v. Aceco Indus. & Commercial Corp.*, 54 F. Supp. 3d 287, 291 (E.D.N.Y. 2014) (citing 28 U.S.C. § 636(b)(1)(C) ("A judge of the court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made.")); Fed. R. Civ. P. 72(b)(3) ("The district judge must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions.").

## II. Analysis

Having reviewed the full record and the applicable law, and having reviewed the R&R *de novo*, the Court adopts the thorough and well-reasoned R&R in its entirety.

As an initial matter, the R&R recommends dismissal of any claims that plaintiff Temmi Kramer asserts on behalf of her children because a *pro se* litigant may not represent others. (R&R 19.) The Court agrees that plaintiff Temmi Kramer may not represent her children in this action, and dismisses any claims brought on their behalf.

### A. Subject Matter Jurisdiction

Magistrate Judge Locke concluded that the Amended Complaint should be dismissed for lack of subject matter jurisdiction under both the *Rooker-Feldman* doctrine and the domestic relations exception to federal jurisdiction. (R&R 11-14.) In their objections, plaintiffs argue that neither doctrine applies to bar the instant claims. For the reasons discussed below, the Court

3

disagrees with plaintiffs, and dismisses the Amended Complaint for lack of subject matter jurisdiction.

## 1. The *Rooker-Feldman* Doctrine

Plaintiffs argue that the *Rooker-Feldman* doctrine, which precludes lower federal courts from exercising jurisdiction over claims that seek to collaterally attack state court judgments, does not apply to bar the instant claims. (Pls. Objs. 11-12.) They assert that they did not lose in state court, and that "[n]o judgement has been rendered in State Court and, without authority or jurisdiction, Plaintiffs are still being stripped of their due process rights and Constitutional rights to date without due process." (*Id.*) These objections lack merit.

Plaintiffs repeatedly allege that various state court decisions and judgments deprived them of custody of R.K., child support payments, and marital property. (*E.g.*, Am. Compl. ¶¶ 3, 4, 7, 16, 26-27, 53.) Plaintiffs are accordingly "state court losers" for purposes of the *Rooker-Feldman* doctrine. *See, e.g., Davis v. Baldwin*, No. 12-CV-6422 ER, 2013 WL 6877560, at *3 (S.D.N.Y. Dec. 31, 2013) ("Plaintiff 'lost' in state court when the Family Court issued the Order of Removal placing Aaliyah in the custody of ACS and the Orders of Protection precluding Plaintiff from interfering with the care and custody of his children."), *aff'd*, 594 F. App'x 49 (2d Cir. 2015); *Cogswell v. Rodriguez*, 304 F. Supp. 2d 350, 355 (E.D.N.Y. 2004) (claims that state court determinations regarding child support denied plaintiff due process and equal protection were barred by *Rooker-Feldman*).

Those same allegations, and other allegations in the Amended Complaint, contradict plaintiffs' assertion that no judgment has been rendered. Specifically, in addition to the allegations above, plaintiffs allege that the divorce proceeding was "closed by STEINMAN in April 2017"[3]

---

[3] In their objections, plaintiffs state that a Judgment of Divorce was entered on June 2, 2016. (Pl. Objs. 5.)

(*id.* ¶ 59); that Justice Steinman "reopened" the matter to issue the June 16, 2017 order (*id.* ¶¶ 4(e), 75); and that the New York State Supreme Court Appellate Division, Second Department denied leave to appeal that order (*id.* ¶ 2). Thus, plaintiffs' assertions that no judgment has been rendered are meritless.

To the extent plaintiffs argue that no *valid* state court judgment has been rendered because defendants allegedly acted without jurisdiction and in violation of plaintiffs' constitutional rights (*see* Pls. Objs. 2), that argument is unavailing. *See, e.g., Remy v. NYS Dep't of Taxation & Fin.*, No. 09 CV 4444, 2010 WL 3926919, at *3 (E.D.N.Y. Sept. 29, 2010) (rejecting argument that *Rooker-Feldman* did not apply because plaintiff alleged state court judgment was rendered unconstitutionally and without jurisdiction), *aff'd*, 507 F. App'x 16 (2d Cir. 2013).

Finally, the fact that plaintiffs assert that their constitutional rights were violated during the state court proceedings does not except their claims from the *Rooker-Feldman* doctrine. *E.g., Edem v. Spitzer*, No. 05-CV-3504 (RJD), 2005 WL 1971024, at *1 (E.D.N.Y. Aug. 15, 2005), *aff'd*, 204 F. App'x 95 (2d Cir. 2006). Accordingly, the Court adopts Magistrate Judge Locke's recommendation that the Court lacks subject matter jurisdiction under the *Rooker-Feldman* doctrine, and dismisses the Amended Complaint on that ground.

**2. The Domestic Relations Exception**

Magistrate Judge Locke alternatively determined that the Court lacks subject matter jurisdiction under the domestic relations exception to federal jurisdiction. (R&R 14-15.) Plaintiffs argue that "[t]he divorce proceedings terminated and the lawsuit is not about custody, alimony, or divorce proceedings" but is instead about the deprivation of plaintiffs' constitutional rights. (Pls. Objs. 4.) However, plaintiffs cannot avoid the domestic relations exception by recasting a domestic dispute as a tort, civil RICO claim, or constitutional violation. *See, e.g., Sobel v.*

*Prudenti*, 25 F. Supp. 3d 340, 354 (E.D.N.Y. 2014) (collecting cases). Here, as thoroughly explained in the R&R, plaintiffs' Amended Complaint is, in effect, directed at challenging the results of Temmi Kramer's divorce proceedings. Accordingly, the Court adopts Magistrate Judge Locke's recommendation that the Court lacks subject matter jurisdiction under the domestic relations exception, and alternatively dismisses the Amended Complaint on that ground.[4]

B.  **Immunity**

Magistrate Judge Locke further concluded that, even if the Court had subject matter jurisdiction over the Amended Complaint, several defendants are entitled to immunity. Specifically, the R&R recommends that the claims against the State of New York are barred by the Eleventh Amendment, and that the claims against Justice Dane, Justice Steinman, Justice Marks, Linda Mejias (Justice Dane's law clerk at all relevant times), John Zenir (the court-appointed guardian), Brian Davis (the court-appointed receiver), and Lori Schlesinger (a court-appointed real-estate broker) are barred by the doctrines of judicial and quasi-judicial immunity. (R&R 15-19.)

With respect to the Eleventh Amendment, plaintiffs argue only that the R&R "incorrectly recommends dismissal upon the Eleventh Amendment." (Pls. Objs. 11.) After a *de novo* review, the Court agrees with Magistrate Judge Locke's determination that the Eleventh Amendment bars the claims against the State of New York.

As to judicial and quasi-judicial immunity, plaintiffs argue that those doctrines do not apply because the relevant defendants "act[ed] entirely without jurisdiction." (Pls. Objs. 3.) However, the Amended Complaint fails to allege any facts supporting this conclusory assertion. *See, e.g.,*

---

[4] As noted above, plaintiffs bring state law claims against Leagle, Inc. for publishing the state court's July 2015 custody decision. Although those claims are likely not barred by the *Rooker-Feldman* doctrine or the domestic relations exception, the Court declines to exercise supplemental jurisdiction over the state law claims and accordingly dismisses them without prejudice.

*Jackson v. Cty. of Nassau*, No. 15-CV-7218(SJF)(AKT), 2016 WL 1452394, at *6 (E.D.N.Y. Apr. 13, 2016) (collecting cases where conclusory assertions that judge acted without jurisdiction were insufficient to defeat immunity). Indeed, to the contrary, the factual allegations in the Amended Complaint make clear that these defendants were acting within the scope of their jurisdiction at all relevant times.

Finally, plaintiffs argue that Schlesinger is not entitled to quasi-judicial immunity because she is a real estate agent. (Pls. Objs. 4.) A private actor is protected by quasi-judicial immunity if her "acts are integrally related to an ongoing judicial proceeding." *El-Shabazz v. Henry*, No. 12 CIV. 5044 BMC, 2012 WL 5347824, at *5 (E.D.N.Y. Oct. 29, 2012) (quoting *Mitchell v. Fishbein*, 377 F.3d 157, 172 (2d Cir. 2004)). In other words, quasi-judicial immunity attaches to individuals who are acting "as an arm of the court." *Dowlah v. Dowlah*, No. 09-CV-2020 SLT/LB, 2010 WL 889292, at *6 (E.D.N.Y. Mar. 10, 2010) (quoting *Scotto v. Almenas*, 143 F.3d 105, 111 (2d Cir. 1998)). Although plaintiffs are correct that Schlesinger is a real estate broker, they ignore that she is a defendant in this case solely because she was appointed by Justice Steinman to assist with the sale of marital property pursuant to a court order issued in Temmi Kramer's divorce proceeding. (*See, e.g.*, Am. Compl. ¶¶ 4(j), 25.) Thus, the Court agrees with Magistrate Judge Locke that Schlesinger is entitled to quasi-judicial immunity.

C.     **Failure to State a Claim**

As noted above, Magistrate Judge Locke further concluded that, even if the Court had subject matter jurisdiction, the federal causes of action should nevertheless be dismissed for failure to state a claim. (R&R 19-25.) After a *de novo* review, the Court agrees that the Amended Complaint fails to state a federal claim for relief.

Plaintiffs objects to the R&R's recommendation that the civil RICO claim should be dismissed because the Amended Complaint fails to allege that defendants' engaged in racketeering acts. (R&R 24-25.) In particular, plaintiffs point to a chart attached to the Amended Complaint, which, they contend, adequately alleges defendants' racketeering activity. (Pls. Objs. 10.) However, the "racketeering acts" described in the chart are devoid of any factual information. Instead, they allege only that defendants "participated in scheme to defraud," "conspired through wire & mail," and "obstruct[ed] justice." (*See generally* ECF No. 23-1 at 83-95.) In other words, the racketeering acts that plaintiffs allege amount to nothing more than legal conclusions, which are insufficient to state a plausible RICO claim.

Plaintiff asserts other scattershot objections to Magistrate Judge Locke's determination that the Amended Complaint fails to state a federal claim for relief. The Court has reviewed plaintiffs' arguments *de novo*, and finds them to be without merit. Accordingly, the Court adopts Magistrate Judge Locke's recommendation that the Amended Complaint fails to state a federal claim for relief, and dismisses those claims.

D.  **Supplemental Jurisdiction**

Plaintiffs also object to Magistrate Judge Locke's recommendation that the Court should decline to exercise supplemental jurisdiction over the state law claims. (R&R 25-26.) Having determined that plaintiffs' federal claims do not survive defendants' motions to dismiss, the Court concludes that retaining jurisdiction over any state law claims is unwarranted. *See* 28 U.S.C. § 1367(c)(3). "In the interest of comity, the Second Circuit instructs that 'absent exceptional circumstances,' where federal claims can be disposed of pursuant to Rule 12(b)(6) or summary judgment grounds, courts should 'abstain from exercising pendent jurisdiction.'" *Birch v. Pioneer Credit Recovery, Inc.*, No. 06-CV-6497T, 2007 WL 1703914, at *5 (W.D.N.Y. June 8, 2007)

(quoting *Walker v. Time Life Films, Inc.*, 784 F.2d 44, 53 (2d Cir. 1986)). Therefore, in the instant case, the Court, in its discretion, "'decline[s] to exercise supplemental jurisdiction'" over plaintiffs' state law claims because "it 'has dismissed all claims over which it has original jurisdiction.'" *Kolari v. N.Y-Presbyterian Hosp.*, 455 F.3d 118, 122 (2d Cir. 2006) (quoting 28 U.S.C. § 1367(c)(3)); *see also Cave v. E. Meadow Union Free Sch. Dist.*, 514 F.3d 240, 250 (2d Cir. 2008) ("We have already found that the district court lacks subject matter jurisdiction over appellants' federal claims. It would thus be clearly inappropriate for the district court to retain jurisdiction over the state law claims when there is no basis for supplemental jurisdiction.").

E. **Leave to Amend**

Federal Rule of Civil Procedure 15(a) provides that a party shall be given leave to amend "when justice so requires." Fed. R. Civ. P. 15(a). "Leave to amend should be freely granted, but the district court has the discretion to deny leave if there is a good reason for it, such as futility, bad faith, undue delay, or undue prejudice to the opposing party." *Jin v. Metro. Life Ins. Co.*, 310 F.3d 84, 101 (2d Cir. 2002). The Second Circuit has held that "a *pro se* litigant in particular 'should be afforded every reasonable opportunity to demonstrate that he has a valid claim.'" *Dluhos v. Floating & Abandoned Vessel, Known as New York*, 162 F.3d 63, 69 (2d Cir. 1998) (*quoting Satchell v. Dilworth*, 745 F.2d 781, 785 (2d Cir. 1984)). Nevertheless, even in the case of a *pro se* plaintiff, "[i]t is axiomatic that leave to amend need not be granted if to do so would be futile." *Cruz v. Garden of Eden Wholesale, Inc.*, 12 CIV. 5188 BMC MDG, 2012 WL 5386046, at *2 (E.D.N.Y. Oct. 26, 2012). As to futility, "leave to amend will be denied as futile only if the proposed new claim cannot withstand a 12(b)(6) motion to dismiss for failure to state a claim, *i.e.*, if it appears beyond doubt that the plaintiff can plead no set of facts that would entitle him to relief." *Milanese v. Rust–Oleum Corp.*, 244 F.3d 104, 110 (2d Cir. 2001) (citing *Ricciuti v. N.Y.C.*

9

*Transit Auth.*, 941 F.2d 119, 123 (2d Cir. 1991)).

Here, the defects in the Amended Complaint are jurisdictional and substantive and cannot be cured through better pleading. Accordingly, the Court denies plaintiffs leave to amend and dismisses the claims without prejudice. *See Vandor, Inc. v. Militello*, 301 F.3d 37, 38-39 (2d Cir. 2002) (per curiam) ("[A]bsent jurisdiction 'federal courts do not have the power to dismiss *with prejudice*.'" (quoting *Hernandez v. Conriv Realty Assocs.*, 182 F.3d 121, 122 (2d Cir. 1999))).

## III. Conclusion

For the foregoing reasons, IT IS HEREBY ORDERED that, after a *de novo* review, the Court adopts the R&R in its entirety. Accordingly, defendants' motions to dismiss are granted, and plaintiffs' federal claims are dismissed without prejudice. The Court declines to exercise supplemental jurisdiction over any remaining state law claims and dismisses those claims without prejudice. The Clerk of Court shall enter judgment accordingly and close the case.

IT IS FURTHER ORDERED that the moving defendants shall serve a copy of this Order on plaintiffs, and file proof of service with the Court.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that, should plaintiff seek leave to appeal *in forma pauperis*, any appeal from this Order would not be taken in good faith, and *in forma pauperis* status is therefore denied for the purpose of any appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Joseph F. Bianco
United States District Judge

Dated: September 19, 2018
Central Islip, New York